**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **CALVIN L. MERRITTE, # R-53322,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 16-cv-1020-NJR |
| ) | |
| **JOHN BALDWIN,** ) | |
| **C/O BRAKE,** ) | |
| **C/O DEAN,** ) | |
| **LT. CHAD RAY,** ) | |
| **C/O OCHS,** ) | |
| **C/O JOHNSON,** ) | |
| **C/O HUNDLEY,** ) | |
| **C/O SELBY,** ) | |
| **and JEFF KORTE,** ) | |
| ) | |
| **Defendants.** ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff, currently incarcerated at Western Illinois Correctional Center ("Western"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. His claims arose in September 2014, during his previous confinement at Lawrence Correctional Center ("Lawrence"). He also includes one defendant (Jeff Korte) who is employed at Western, and he names the Director of the Illinois Department of Corrections ("IDOC"), John Baldwin. The claims include retaliation, failure to protect, and deprivation of a liberty interest without due process. The complaint is now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A.

Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the

1

complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id.* at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### The Complaint

Plaintiff introduces his complaint with the assertion that the IDOC "maintain[s] a policy, custom, or practice of retaliating" against him and other prisoners who have brought complaints,

lawsuits, or grievances. (Doc. 1, p. 12). He makes a broad claim that from August 2011 through September 2016, "countless" correctional officers have taken a variety of adverse actions against him and other prisoners in response to complaints, calculated to deter him and other prisoners from continuing to file grievances or lawsuits. *Id.* He has informed Baldwin and Korte about the retaliatory acts, but they failed to take corrective action or create a policy to prevent the retaliation from recurring. (Doc. 1, p. 13). Plaintiff also claims to have informed a number of other officials (who are not named as defendants in this action) about the retaliation, including former IDOC Directors, Wardens, and Administrative Review Board members, but these individuals likewise failed to take any remedial action. *Id.*

Plaintiff then describes several specific incidents. On September 8, 2014, he told Ochs that he knew that Ochs destroyed or disposed of Plaintiff's federal habeas corpus petition instead of delivering it to the law library so that Plaintiff could obtain copies of the document. Ochs responded with a verbal threat, and then ordered Plaintiff to pack his belongings. (Doc. 1, p. 13). Soon, Ray and Johnson took Plaintiff to a cell with another inmate (Cole), who was known for engaging in sexual misconduct and whom Plaintiff believed to be infected with HIV. (Doc. 1, p. 14). Cole had previously threatened Plaintiff, and Plaintiff informed Ray and Johnson of that history. Nonetheless, Ray and Johnson assigned Plaintiff to the cell with Cole, where he feared he would be attacked.

Between September 8 and 10, 2014, Ochs boasted about his retaliatory action of moving Plaintiff to Cole's cell. Hundley, Selby, Brake, Dean, Ray, and other unnamed staff knew that Plaintiff was at risk of harm from Cole, however, they refused to move him to a different cell despite his requests. Plaintiff went on a hunger strike and threatened suicide in order to be reassigned, to no avail. (Doc. 1, p. 15).

Cole learned from correctional officers that Plaintiff was trying to change cells. On September 10, 2014, he threatened to attack Plaintiff and infect him with HIV if Plaintiff continued to report their conflict. When Plaintiff told him, "you ain't going to do s**t to me," Cole punched and choked Plaintiff. (Doc. 1, p. 16). Later, Plaintiff reported this attack to C/O DeWeese (who is not a defendant). DeWeese then retaliated against Plaintiff by placing tight restraints on him, which pierced his skin, and put him in a filthy cell contaminated with feces, vomit, and biting insects. DeWeese also filed a false disciplinary report against Plaintiff, charging him with intimidation and threats.[1] (Doc. 1, pp. 16-17).

Plaintiff's disciplinary ticket was heard by a committee chaired by Ray; Plaintiff was unsuccessful in seeking to substitute another official to hear the matter. Ray and committee member Cooper (who is not named as a defendant) refused to call Plaintiff's witnesses or to document his full statement regarding the matter. He was found guilty and punished with sanctions that, according to Plaintiff, will affect his ability to receive supplemental sentence credit. He claims this will effectively lengthen his sentence by an additional six months, unless the disciplinary matter is expunged. (Doc. 1, p. 17).

Plaintiff raises three claims based on these events: Retaliation, Eighth Amendment failure to protect, and violation of due process rights. (Doc. 1, pp. 17-18). He seeks compensatory and punitive damages, as well as unspecified injunctive relief.

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Based on the allegations of the complaint, the Court finds it convenient to divide the *pro se* action into four counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The

---

[1] Because Plaintiff, who is an experienced litigator, did not include DeWeese as a defendant or specify a claim to be brought against him, any claims against DeWeese that might arise from the events described in the complaint shall be considered dismissed without prejudice.

designation of these counts does not constitute an opinion as to their merit. Any other claim that is mentioned in the complaint but not addressed in this Order should be considered dismissed without prejudice.

**Count 1:** First Amendment retaliation claim against Ochs, for having Plaintiff placed in a cell with a dangerous cellmate in September 2014 after Plaintiff complained that Ochs destroyed his federal habeas corpus petition;

**Count 2:** Eighth Amendment claims for cruel and unusual punishment and failure to protect, against Ochs, Ray, Johnson, Hundley, Selby, Brake, and Dean, for placing and keeping Plaintiff in a cell with a dangerous cellmate who threatened and attacked him in September 2014;

**Count 3:** Fourteenth Amendment claim for deprivation of a liberty interest without due process, against Ray, for failing to call Plaintiff's witnesses or document his defense at his disciplinary hearing in September 2014, resulting in Plaintiff losing eligibility for supplemental sentence credit;

**Count 4:** Claim against Baldwin and Korte for maintaining a policy, custom, or practice allowing prison officials to retaliate against Plaintiff for bringing complaints and lawsuits, and/or failing to implement a policy to prevent retaliatory acts from recurring.

Counts 1 and 2 shall proceed for further review in this action. As discussed below, however, Counts 3 and 4 fail to state a claim upon which relief may be granted, and shall be dismissed.

**Count 1–Retaliation**

Prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement. *See, e.g.*, *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012); *Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988). Furthermore, "[a]ll that need be specified is the bare minimum facts

5

necessary to put the defendant on notice of the claim so that he can file an answer." *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002). Naming the suit or complaint and the act of retaliation is all that is necessary to state a claim of improper retaliation. *Id.* A pleading that provides a short, clear statement of the relevant facts complies with the Federal Rules of Civil Procedure and thus cannot be dismissed because it does not allege all facts necessary to clearly establish a valid claim. *Id.*

Here, Plaintiff describes a conversation he had with Ochs in which he complained that Ochs improperly destroyed or disposed of Plaintiff's habeas corpus petition that Ochs was supposed to deliver to the law library for copying. After Plaintiff voiced this verbal complaint, Ochs responded, "I'll show you," and ordered Plaintiff to pack up. Shortly after this, other officers (Ray and Johnson) moved Plaintiff to another cell with a cellmate who was likely to harm him. This outline of the facts is sufficient to plead a retaliation claim against Ochs.

At issue here is whether Plaintiff experienced an adverse action that would likely deter First Amendment activity in the future, and if the First Amendment activity was "at least a motivating factor" in Ochs's decision to take the retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 551 (7th Cir. 2009). The claim in **Count 1** shall proceed for further review of this question.

### Count 2–Eighth Amendment

In *Farmer v. Brennan*, 511 U.S. 825 (1994), the Supreme Court held that "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Id.* at 833 (internal citations omitted); *see also Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006). Of course, not every harm caused by another inmate translates into constitutional liability for the corrections officers responsible for the prisoner's safety. *Farmer*, 511 U.S. at 834. In order for a plaintiff to succeed on a claim for failure to protect, he must show that he is incarcerated under

conditions posing a substantial risk of serious harm and that the defendants acted with "deliberate indifference" to that danger. *Id.*; *Pinkston*, 440 F.3d at 889. A plaintiff also must prove that prison officials were aware of a specific, impending, and substantial threat to his safety, often by showing that he complained to prison officials about a *specific* threat to his safety. *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996). In other words, the defendants had to know that there was a substantial risk that those who attacked Plaintiff would do so, yet failed to take any action. *See Sanville v. McCaughtry*, 266 F.3d 724, 733-34 (7th Cir. 2001). Conduct that amounts to negligence or inadvertence is not enough to state a claim. *Pinkston*, 440 F.3d at 889 (discussing *Watts v. Laurent*, 774 F.2d 168, 172 (7th Cir. 1985)).

In this case, Plaintiff has alleged that when he realized that Ray and Johnson were going to place him in the cell with Cole, he told them about Cole's earlier threats against him, and asked them not to move him to that cell. After Ray and Johnson put him with Cole anyway, Plaintiff complained to a number of other officers about his fears of harm at the hands of inmate Cole and asked to be moved to another cell. Hundley, Selby, Brake, Dean, and Ray refused to move Plaintiff, however, and soon thereafter, Cole attacked Plaintiff. The complaint states a claim that these defendants failed to protect Plaintiff, which shall receive further review in **Count 2**.

Additionally, Plaintiff alleges that Ochs, Ray, and Johnson placed him in the cell with Cole with the knowledge or intent that Cole would harm Plaintiff. Allegations that a prison officer has provoked, persuaded, or enabled other inmates to cause harm to a plaintiff support an inference that the officer attempted to inflict injury on the plaintiff in violation of the Eighth Amendment. *See Irving v. Dormire*, 519 F.3d 441, 449 (8th Cir. 2008) (officer's attempt to have other inmates attack plaintiff may violate Eighth Amendment, even where the plaintiff was not

7

actually assaulted); *Northington v. Jackson*, 973 F.2d 1518, 1525 (10th Cir. 1992) (Eighth Amendment claim stated where guard "intended to do harm to [a prisoner] by inciting inmates to beat him[;]" guard told other inmates that plaintiff was a snitch). Plaintiff may also proceed with his claim in **Count 2** that Ochs, Ray, and Johnson attempted to harm him by placing him in the cell with Cole, with the expectation that Cole would threaten and/or assault Plaintiff.

### Count 3–Deprivation of Liberty Interest without Due Process

In *Wolff v. McDonnell*, 418 U.S. 539, 556-72 (1974), the Supreme Court outlined the minimal due process protections that must be provided to a prisoner in disciplinary proceedings in which the prisoner loses good time, is confined to a disciplinary segregation or is otherwise subjected to some comparable deprivation of a constitutionally protected liberty interest. Specifically, *Wolff* requires that the inmate must be given advance written notice of the charge against him, the right to appear before an impartial hearing panel to contest the charge, the right to call witnesses if prison safety allows, and a written statement of the reasons for the discipline imposed. A disciplinary decision also must be supported by "some evidence" in order to meet due process concerns. *Black v. Lane*, 22 F.3d 1395, 1402 (7th Cir. 1994). Even a meager amount of supporting evidence is sufficient to satisfy this inquiry. *Scruggs v. Jordan,* 485 F.3d 934, 941 (7th Cir. 2007).

Here, Plaintiff questions the impartiality of the hearing panel based on the fact that it was chaired by Lieutenant Ray, who was involved in placing him in the cell with Cole. The assault that resulted from that placement led to the disciplinary charges against Plaintiff. Further, Ray refused or failed to call Plaintiff's requested witnesses and did not allow Plaintiff to fully present his defense. These allegations indicate that the hearing may not have satisfied the minimal due process requirements outlined in *Wolff*.

Importantly, however, the liberty interest which Plaintiff contends he lost as a result of the unfair hearing is an interest in receiving supplemental sentence credit, in order to gain an earlier release from prison. Under the doctrine of *Heck v. Humphrey*, a prisoner may not seek damages in a civil rights action for such a deprivation, unless he has first succeeded in overturning or invalidating the disciplinary action which caused him to lose the sentence credit. *Heck v. Humphrey*, 512 U.S. 477 (1994).

In *Heck*, the Supreme Court held that a Section 1983 action for damages that "would necessarily imply the invalidity of [a plaintiff's] conviction or sentence" is not cognizable until the conviction or sentence has been reversed, expunged, invalidated, or called into question by a federal court's issuance of a writ of habeas corpus. Heck, 512 U.S. at 486-87. For purposes of this analysis, "the ruling in a prison disciplinary proceeding is a conviction." *Moore v. Mahone*, 652 F.3d 722, 723 (7th Cir. 2011) (citing *Edwards v. Balisok*, 520 U.S. 641 (1997); *Gilbert v. Cook*, 512 F.3d 899, 900 (7th Cir. 2008)). In *Balisok*, the Supreme Court held that claims that "necessarily imply the invalidity of the deprivation of [the prisoner's] good-time credits" are not actionable under Section 1983 unless the prison disciplinary decision has been invalidated, even though the restoration of credits is not sought as a remedy. *Balisok*, 520 U.S. at 646-68.

In this case, Plaintiff is seeking monetary damages for the loss of his eligibility to receive supplemental sentence credit of six months. He may also be requesting injunctive relief, as he mentions that he would lose the six months' sentence credit "unless Director John Baldwin (or his successors) are enjoined from failing to expunge the disciplinary sanctions." (Doc. 1, p. 17). This is precisely the type of action that the *Heck* doctrine prohibits. The complaint shows that Plaintiff's disciplinary "conviction" is still in effect. Before he can seek monetary damages based on his claim that the disciplinary action violated his due process rights, Plaintiff must first obtain

an administrative or court order invalidating or expunging the discipline. He cannot do that in this case. Moreover, an award of sentence credit cannot be made in a civil rights action such as this one. The proper forum in which to seek sentence credit in federal court is through a petition for habeas corpus relief–but before doing so, a state prisoner must exhaust all his state court remedies.

The Illinois courts have recognized mandamus as an appropriate remedy to compel prison officials to award sentence credit to a prisoner. *See Turner-El v. West,* 811 N.E.2d 728, 733 (Ill. App. Ct. 2004) (citing *Taylor v. Franzen*, 417 N.E.2d 242, 247, *aff'd on reh'g*, 420 N.E.2d 1203 (Ill.App. Ct. 1981)). The State of Illinois must first be afforded an opportunity, in a mandamus action pursuant to 735 Illinois Compiled Statutes 5/14-101 *et seq.*, to consider the merits of Plaintiff's claim. Accordingly, the claim in **Count 3** shall be dismissed for failure to state a claim upon which relief may be granted. The dismissal is without prejudice to Plaintiff bringing his sentence-credit claim in a properly filed federal habeas corpus action, *but only after he has exhausted his state court remedies*.

### Count 4–Policy of Retaliation

Plaintiff's apparent theory of liability against Baldwin and Korte is that they should be held responsible for the alleged acts of retaliation committed by the other defendants, because Plaintiff complained to them about other separate incidents of alleged retaliation, yet they failed to implement a policy to prevent prison officials from engaging in the retaliatory acts he describes. Plaintiff alleges that because he and others have experienced repeated instances of retaliation for filing complaints, grievances, and lawsuits, the IDOC has a policy, custom, or practice of retaliating against prisoners who make complaints. Plaintiff presents no facts, however, that point to the existence of an official policy, custom, or practice on the institutional

level or promulgated by any defendant, of allowing guards or other officials to retaliate against inmates who bring complaints. Instead, he merely offers his own conclusion that such a policy exists. This is insufficient to state a claim for liability against the defendants he names.

With respect to the claim of retaliation raised in Count 1, there is no basis to conclude that either Baldwin or Korte had any involvement in or knowledge of the alleged retaliatory actions of Officer Ochs. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, the individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 805, 810 (7th Cir. 2005) (internal quotations and citations omitted). The fact that Plaintiff may have submitted grievances to Baldwin or other officials regarding alleged incidents of retaliation does not provide a basis for bringing a claim in this action against the recipients of those grievances. The Seventh Circuit instructs that the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). *See also Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). Furthermore, an administrator cannot be held liable in a civil rights case for the wrongful acts of a subordinate employee. The doctrine of *respondeat superior* (supervisory liability) is not applicable to Section 1983 actions. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted). Accordingly, no claim is stated against Baldwin (the IDOC Director) in connection with the alleged retaliation perpetrated by Ochs.

Plaintiff's argument that Baldwin or Korte should be held liable for the retaliation he experienced because they failed to take corrective action after the fact is equally unavailing. Absent personal involvement in the unconstitutional act itself, no liability will attach.

Notably, Korte is alleged to be employed at Western Illinois, and not at Lawrence, where the alleged violations took place. As such, Korte could not possibly have any connection to the retaliatory actions of Ochs. There is no basis to impose liability on him for events that occurred in 2014 in an institution where he was not present and had no responsibilities.

To summarize, the bare allegation that a supervisory defendant maintained a policy to allow repeated retaliation against Plaintiff fails to state a claim upon which relief may be granted. Therefore, **Count 4** shall be dismissed without prejudice. Baldwin and Korte shall also be dismissed from this action.

## **Pending Motions**

On September 23, 2016, not long after he filed this action, Plaintiff filed a Motion for Preliminary Injunction (Doc. 6) and a Motion for Hearing on the requested injunction (Doc. 7). In support of his request for injunctive relief, Plaintiff claims that he and other prisoners have been subjected to retaliation and numerous other constitutional violations at Western Illinois, where Korte is the Warden, under Director Baldwin. (Doc. 6, pp. 1-2). He seeks a transfer to a prison outside of Illinois, or in the alternative, a transfer to protective custody. He claims that if he is not moved, it is likely that he will be denied access to medical care for his anaphylaxis and asthma, assaulted for having been labeled a snitch, and suffer further retaliation. (Doc. 6, p. 4). Plaintiff attaches over 45 pages of exhibits to his motion, most of which concern incidents that occurred at Western Illinois in 2016.

As noted above, Korte and Baldwin shall be dismissed from this action, because the complaint fails to state a claim against them upon which relief may be granted. The Court shall not consider a request for injunctive relief where the official to be enjoined is no longer a party to the action. Furthermore, the 2016 incidents mentioned in the motion have no connection to the

alleged retaliation and Eighth Amendment violations that occurred in 2014 and are the subject of Counts 1 and 2, which shall proceed in this action. If Plaintiff believes he has a basis to seek injunctive or other relief as a result of threats to his safety in Western Illinois, he must bring an action against the responsible individuals in the United States District Court for the Central District of Illinois, which has jurisdiction over that prison. For these reasons, the Motion for Preliminary Injunction (Doc. 6) and the Motion for Hearing (Doc. 7) are **DENIED**.

The Motion for Copies (Doc. 11) is also **DENIED**. Plaintiff seeks a "courtesy copy" of his Motion for Preliminary Injunction (Doc. 6) so that he may prepare to argue the motion, because he was not able to retain a copy before mailing the document to the Court. Because the motion at Doc. 6 has been denied, Plaintiff will not need to prepare for a hearing or argument on the motion. Of course, copies of court documents are available at a cost of $0.50 per page, which must be prepaid. *See* 28 U.S.C. § 1914(b).

Plaintiff's Pro Se Emergency Motion for Conference (Video) and Recruitment of Counsel (Doc. 15) is also **DENIED**. Plaintiff notes that he has filed the identical motion in two other pending actions in this Court (Case Nos. 15-cv-254 and 16-cv-959). The request for a video conference again relates to incidents at Western Illinois, which are not properly brought in this case, as the sole Western Illinois Defendant (Korte), as well as IDOC Director Baldwin, shall be dismissed from this action. Plaintiff's request for the recruitment of counsel may be considered if Plaintiff submits a proper motion which indicates what efforts he has made to secure counsel on his own and explains why he is unable to litigate this matter himself. The Motion at Doc. 15 includes none of this information, which is necessary for the Court to evaluate such a request.

The Clerk is **DIRECTED** to send Plaintiff a blank form motion for the recruitment of

counsel.

## Disposition

For the reasons explained above, **COUNTS 3 and 4** are **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted. **BALDWIN** and **KORTE** are **DISMISSED** from this action without prejudice.

As to **COUNTS 1 and 2,** the Clerk of Court shall prepare for **BRAKE, DEAN, RAY, OCHS, JOHNSON, HUNDLEY,** and **SELBY**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that Defendant's current work address, or, if not known, Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a

true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Wilkerson for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: January 6, 2017**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**