## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CALVIN L. MERRITTE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:16-CV-01020-NJR-DGW |
| | ) | |
| C/O BRAKE, C/O DEAN, LT. CHAD | ) | |
| RAY, C/O OCHS, C/O JOHNSON, C/O | ) | |
| HUNDLEY, and C/O SELBY, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Pending before the Court is the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson (Doc. 79), which recommends denying the Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies filed by Defendants Brake, Dean, Ray, Ochs, Johnson, Hundley, and Selby (Doc. 66). For the reasons explained below, the Court adopts Magistrate Judge Wilkerson's Report and Recommendation.

Plaintiff Calvin Merritte, an inmate in the Illinois Department of Corrections, filed this action pursuant to 42 U.S.C. § 1983 alleging staff at Lawrence Correctional Center retaliated against him and failed to protect him by placing him in a cell with a dangerous inmate. After an initial screening of his complaint pursuant to 28 U.S.C. § 1915A, Merritte was permitted to proceed on two counts: a First Amendment retaliation claim against Defendant Ochs for placing Merritte in a cell with a dangerous cellmate in September 2014 after Merritte complained that Ochs destroyed his federal habeas corpus

petition (Count I) and an Eighth Amendment claim for cruel and unusual punishment and failure to protect against Defendants Ochs, Ray, Johnson, Hundley, Selby, Brake, and Dean for placing and keeping Merritte in a cell with a dangerous cellmate who threatened and attacked him in September 2014 (Count II).

On August 30, 2017, Defendants filed a motion for summary judgment on the issue of exhaustion of administrative remedies (Doc. 66). After receiving an extension of time, Merritte filed a response in opposition to summary judgment on October 19, 2017 (Doc. 76). Magistrate Judge Wilkerson held a hearing pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), on November 14, 2017 (Doc. 77), and subsequently issued the Report and Recommendation currently before the Court (Doc. 79). Objections to the Report and Recommendation were due December 11, 2017. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); SDIL-LR 73.1(b). No objections were filed.

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). Where neither timely nor specific objections to the Report and Recommendation are made, however, this Court need not conduct a *de novo* review of the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985). Instead, the Court should review the Report and Recommendation for clear error. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). The Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

While a *de novo* review is not required here, the Court has carefully reviewed the evidence and Magistrate Judge Wilkerson's Report and Recommendation for clear error. Following this review, the Court fully agrees with the findings, analysis, and conclusions of Magistrate Judge Wilkerson.

The Court agrees that Merritte exhausted his administrative remedies when he sent the September 8, 2014 grievance directly to the ARB. The grievance form states that grievances involving "protective custody" should be sent directly to the ARB, which is what Merritte did. Furthermore, the Illinois Administrative Code provides that grievances concerning "[d]ecisions regarding protective custody placement" should be grieved directly to the ARB. Merritte's refusal to enter a cell with a known enemy, his denied request for a crisis team member, and his unanswered letters to Internal Affairs could constitute a denied request for protective custody. Thus, his grievance would be properly submitted to the ARB.

Even if the September 8, 2014 grievance was not properly submitted, his October 2014 grievances, which complained of his placement in the cell and Defendants' retaliation, were never answered. This rendered the grievance process unavailable, and Merritte is deemed to have exhausted his administrative remedies. The Court further agrees with Magistrate Judge Wilkerson that Merritte exhausted as to all Defendants. Although Defendants Hundley, Dean, Selby, and Brake were not named in any grievance regarding Merritte's cell placement, Merritte testified at the *Pavey* hearing that these officers were all assigned to the segregation unit where he was housed and that he "report[ed] information to them." As Magistrate Judge Wilkerson concluded, if the

prison had investigated Merritte's claims, it would not have been difficult to discern who these unnamed officers were. Because the grievance was sufficient to give the prison notice and an opportunity to correct the problems highlighted by Merritte, it was sufficient to exhaust his administrative remedies as to each Defendant.

Having found no clear error, the Court **ADOPTS** Magistrate Judge Wilkerson's Report and Recommendation (Doc. 79) in its entirety. The Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies filed by Defendants Brake, Dean, Ray, Ochs, Johnson, Hundley, and Selby (Doc. 66) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:** December 14, 2017

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**